UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIANNA CERVANTES,   Case No. 08-14390

    Plaintiff,   HONORABLE SEAN F. COX
United States District Judge

v.

KORY TORBETT and SAM PHILIPP,

    Defendants.
_____/

OPINION & ORDER GRANTING DEFENDANTS'
MOTION FOR STAY PENDING APPEAL [Doc. No. 22]

Plaintiff Glorianna Cervantes ("Cervantes") brings this § 1983 action against two officers of the Blackmun Township, Michigan, Public Safety Department. On March 1, 2010, the Court issued an Opinion & Order denying the officers' motion for qualified immunity [*See* Doc. No. 19].

On March 30, 2010, the Defendants filed notice of their intent to appeal the Court's denial of qualified immunity. [*See* Doc. No. 21]. That same day, the Defendants also filed the instant "Motion for Stay of Proceedings." [Doc. No. 22]. Ms. Cervantes does not oppose the Defendant's motion to stay. [*See* Doc. No. 25].

Qualified immunity is an affirmative defense that protects government actors performing discretionary functions from liability for civil damages when their conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*., 457 U.S. 800, 818 (1982). The doctrine of qualified immunity provides immunity from suit rather than a mere defense to liability. *Siegert v. Gilley*, 500 U.S.

1

226, 233 (1991). "The philosophical underpinning of the doctrine of qualified immunity is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risk of trial." *Vaughn v. United States Small Business Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995). As such, a district court's denial of qualified immunity is an appealable final decision under 28 U.S.C. § 1291. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 309 (6th Cir. 2005).

"Generally, the filing of a notice of appeal from the denial of immunity divests the district court of jurisdiction of the case." *Smith v. County of Lenawee*, 2009 WL 3672107, *2 (E.D. Mich. Nov. 3, 2009), citing *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994).

The Court concludes that its denial of qualified immunity for the Defendants as to Ms. Cervantes' claims is an appealable final order under 28 U.S.C. § 1291, and divests this court of jurisdiction pending appeal. Therefore, the Court **GRANTS** the instant motion to stay [Doc. No. 22].

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 5, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 5, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager